UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BONITA INN MOTEL D/B/A § | |
| VAJIYA HOSPITALITY, INC., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:15-cv-00714 |
| § | |
| ENDURANCE AMERICAN § | |
| SPECIALTY INSURANCE COMPANY § | |
| AND STEPHEN KLINK, II § | |
| Defendants. § | |

### DEFENDANTS' NOTICE OF REMOVAL OF ACTION

TO THE HONORABLE U.S. DISTRICT COURT:

Endurance American Specialty Insurance Company (Endurance) and Stephen Klink, II, defendants in the above action and consenting to this removal, file this Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division, and in support, respectfully show the Court as follows:

### I.
### STATE COURT PROCEEDING

1. On July 21, 2015, Plaintiff Bonita Inn Motel d/b/a Vajiya Hospitality, Inc. (Bonita Inn Motel) filed a civil suit against Endurance and Stephen Klink, II in the District Court of Bexar County, 408th Judicial District, in a case styled *Bonita Inn Motel d/b/a Vajiya Hospitality, Inc. v. Endurance American Specialty Insurance Company and Stephen Klink, II*, cause no. 2015-CI-11822 (the Lawsuit). Plaintiff's Lawsuit seeks recovery of damages due to the alleged breach of an insurance policy and alleged violations of the Texas Insurance Code and the Texas Deceptive Trade Practices—Consumer Protection Act.

## II.
## PROCEDURAL HISTORY

2. The citation and Plaintiff's Original Petition were served on Endurance via the Commissioner of Insurance of the Texas Department of Insurance on July 24, 2015. Klink was served with citation and Plaintiff's Original Petition on July 24, 2014. This notice of removal is thus timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of service.

3. The Lawsuit is removable on the basis of diversity of citizenship, with the amount in controversy exceeding $75,000.00 exclusive of interest and costs. Although Klink is a local defendant, as discussed below, his joinder in this Lawsuit is improper and the claims against Klink should be dismissed. The dismissal of Klink will result in complete diversity among the parties.

4. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

5. Endurance and Klink consent to removal of this case to federal court under 28 U.S.C. § 1446(b).

6. Pursuant to 28 USC §1447(b) and the Local Rules of the Western District of Texas, attached to this Notice of Removal of Action is an Appendix containing all the required documents and information. Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

## III.
## DIVERSITY OF CITIZENSHIP

7. The district courts of the United States have original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), based on complete diversity of citizenship among the parties, subject to Klink's improper joinder, discussed below.

A.   Defendant Endurance American Specialty Insurance Company

8.   Defendant Endurance American Specialty Insurance Company is a foreign corporation incorporated under the laws of the State of Delaware and has its principal place of business both now and at the time this action was commenced in the State of New York. Endurance is thus a citizen of the State of Delaware and the State of New York for diversity purposes.  Endurance is neither incorporated under the laws of the State of Texas nor does it have its principal place of business in Texas, and is not a citizen of Texas.

B.   Defendant Stephen Klink, II

9.   Defendant Stephen Klink II is a resident of the State of Texas.  Plaintiff joined Stephen Klink, II solely to defeat diversity jurisdiction.  There is no reasonable basis for believing that Plaintiff could recover from Klink in state court.  Plaintiff does not allege any action, inaction or claim against Klink that is distinguishable from its allegations and claims against Endurance and therefore there is no factual basis alleged for a separate and individual claim against Klink.  No facts were alleged that could plausibly lead to the conclusion that Plaintiff suffered any damage by reason of Klink's actions.  Therefore, the claims against Klink should be dismissed.  *See Slabaugh v. Allstate Ins. Co.*, No. 4:15CV115, 2015 WL 4046250 at *6-10 (E.D. Tex. June 30, 2015)(removal was proper where allegations against adjuster failed to constitute specific conduct that could support a claim for relief under the Texas Insurance Code or the DTPA); *see also Dalton v. State Farm Lloyd's, Inc.*, No. H-12-3004, 2013 WL 3157532 at *2-7)(S.D. Tex. June 19, 2013) and *One Way Investments, Inc. v. Century Surety Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277 at 3-5 (N.D. Tex. Dec. 11, 2014).

C.   Plaintiff Bonita Inn Motel d/b/a Vajiya Hospitality, Inc.

10.   Upon information and belief, and as alleged by Plaintiff, Vajiya Hospitality, Inc.,

is a Texas corporation doing business in the State of Texas and with its principal place of business in Bexar County. Upon information and belief, Vajiya Hospitality, Inc. is doing business as Bonita Inn Motel.

11. Plaintiff is not a citizen of the State of Delaware or the State of New York.

12. Thus, there is complete diversity of citizenship between Plaintiff and Defendants, subject to Defendant Klink's improper joinder as discussed above.

## IV.
## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS

13. Plaintiff seeks damages in excess of $75,000.00 and, should Plaintiff prevail on the claims against Defendants stated in its Original Petition, Plaintiff may be entitled to damages in excess of $75,000.00.

## V.
## REMOVAL IS PROPER

14. Removal of this action is thus proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are diverse in citizenship, subject to Defendant Klink's improper joinder as discussed above, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VI.
## JURY DEMAND

15. Plaintiff made a demand for jury trial in the state court action.

## VII.
## CONCLUSION

For the reasons stated herein, Endurance American Specialty Insurance Company has satisfied all procedural and statutory requirements to remove the Lawsuit to this federal court.

Defendant Endurance American Specialty Insurance Company, pursuant to these statutes, FED. R. CIV. P. 81 and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 408th District Court of the State of Texas, County of Bexar, Cause No. 2015-CI-11822, to this Court, the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By: *Jessica Marcoux Hall*
Jessica Marcoux Hall, Attorney-in-charge
State Bar No. 24046348
Camille Johnson
State Bar No. 10686600
The Overlook at Gaines Ranch
4330 Gaines Ranch Loop, Suite 150
Austin, Texas 78735
Phone: (512) 347-1604
Fax: (512) 347-1676
Email: jessica@ssjmlaw.com
Email: camille@ssjmlaw.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of August, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following:

William N. Allan, IV
Wes Holland
ALLAN, NAVA, GLANDER & HOLLAND, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216

*Jessica Marcoux Hall*
Jessica Marcoux Hall