UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BONITA INN MOTEL D/B/A<br>VAJIYA HOSPITALITY, INC.,<br>　　　Plaintiff,<br><br>v.<br><br>ENDURANCE AMERICAN SPECIALTY<br>INSURANCE COMPANY and<br>STEPHEN KLINK, II,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:15-cv-00714-OLG |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Bonita Inn Motel d/b/a Vajiya Hospitality, Inc. ("Bonita") files this Motion to Remand pursuant to 28 U.S.C. § 1447(c), respectfully requesting that the Court remand this case to the 408th Judicial District of Bexar County, Texas because of the lack of subject matter jurisdiction and lack of proof of improper joinder, and in support would show the Court as follows:

**I.    INTRODUCTION**

Bonita filed this case in state court to assert state causes of action related to an insurance claim for storm-related damages to its property located in San Antonio, Texas. Bonita's Original Petition alleges various claims against its insurer, Endurance American Specialty Insurance Company ("Endurance"), and the insurance adjuster assigned to its claim, Stephen Klink, II. (*See* Exhibit A). In part, Bonita has alleged claims against Klink for violations of the Texas Insurance Code and Deceptive Trade Practices Act ("DTPA"). Bonita is a Texas citizen and resident of Texas. (*Id.* at 1). Klink is also a Texas citizen who resides in Texas. (*Id.* at 2). Thus, the parties lack complete diversity.

Nevertheless, Defendants filed their Notice of Removal asserting there is complete diversity between Endurance and Bonita, and that Klink should be disregarded as improperly

joined. However, the Court lacks subject matter jurisdiction because Defendants have not met their burden to prove that Bonita cannot possibly recover against Klink. Rather, Texas law provides a basis for Bonita to possibly prevail against Klink for his alleged violations of the Texas Insurance Code and DTPA, and Bonita's Original Petition provides fair notice of these claims. For these reasons, Bonita's Motion to Remand should be granted.

## II.   ARGUMENT AND AUTHORITIES

### A.   Defendants Have a Heavy Burden to Prove Diversity Jurisdiction Based on Allegations of Improper Joinder

Federal courts have limited jurisdiction and must presume that cases lie outside their jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). To determine whether jurisdiction is present for removal, the district court considers the claims in the state court petition as they existed at the time of removal, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995), and the substantive law of the forum state, *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001). Any ambiguities or doubts must be construed against removal and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

"A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Stifting v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). To establish diversity jurisdiction, the removing party must prove that every non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [an] inability of the plaintiff to

establish a cause of action against the non-diverse party in state court."[1] *Id*. Under the second prong, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, . . . mean[ing] that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* To predict whether the plaintiff has a reasonable basis of recovery, the court should analyze the allegations in the plaintiff's petition to determine whether it states a claim under state law against the in-state defendant. *Id.* The court does not weigh the merits of the plaintiff's claim but only determines whether it is an arguable one under state law. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *accord Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Inc.*, 99 F.3d 746, 751–52 (5th Cir. 1996).

If the state court petition provides a reasonable basis for recovery on just one cause of action, the entire case must be remanded. *Grey v. Beverly Enters.-Miss., Inc.*, 390 F. 3d 400, 412 (5th Cir 2004). A claim of improper joinder "must be 'pleaded with particularity,' supported by 'clear and convincing evidence,' and proven with 'certainty.'" *Dollar v. General Motors Corp.*, 814 F. Supp. 538, 541 (E.D. Tex. 1993). The Fifth Circuit has stressed that "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). The court lacks subject matter jurisdiction when the removing party does not carry its heavy burden of proving joinder was improper. *Smallwood*, 385 F.3d at 576.

### B. Bonita's Original Petition Must Be Analyzed Under the Liberal "Fair Notice" Pleading Standard in Texas

For an improper joinder analysis, the court must accept as true all relevant allegations contained in the plaintiff's petition and construe all factual and legal ambiguities in the plaintiff's favor. *Travis*, 326 F.3d at 649; *Sid Richardson*, 99 F.3d at 751–52; *Willy v. Coastal Corp.*, 855

---

[1] This motion only addresses the second test because Defendants' Notice of Removal did not allege actual fraud in the pleading of jurisdictional facts as the basis for removal of this case.

F.2d 1160, 1163–64 (5th Cir. 1988). Where Texas law governs, the plaintiff's petition must be measured under the liberal Texas "notice pleading" standard instead of the more stringent federal pleading standard. *See, e.g.*, *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 Fed. App'x 533, 537–38 (5th Cir. 2005); *Delaney v. GEO Grp., Inc.*, No. SA–12–CV–541–XR, 2012 WL 3526789, at *2 (W.D. Tex. Aug. 14, 2012); *Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12–cv–1908–M, 2012 WL 5451822, at *2–3 (N.D. Tex. Nov. 8, 2012); *KIW, Inc. v. Zurich Am. Ins. Co.*, No. H-05-3240, 2005 WL 3434977, at *3 (S.D. Tex. 2005). The Texas notice pleading standard requires only "a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47. Under this standard, a pleading can consist of legal conclusions as long as "fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45(b); *Esteban v. State Farms Lloyds*, 23 F. Supp. 3d 723, 732 (N.D. Tex. 2014).

Fair notice means enough information to enable the opposing party to prepare a defense. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). Texas courts "assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). Thus, a pleading gives fair notice if an "opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and basic issues of controversy." *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 766 (Tex. App.—Dallas 2011, no pet.).

In applying this standard, a court must liberally construe the petition in the plaintiff's favor, supply every fact that can be reasonably inferred from what the plaintiff specifically stated, and look to the plaintiff's intent to uphold the petition, even if the plaintiff has not specifically alleged some element of a cause of action. *Gulf, C. & S.F. Ry. Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex.

1963); *see also Roark*, 633 S.W.2d at 810. Accordingly, in the absence of certain terms, a petition can provide fair notice through the pleading of specific statutory references or the alleging of facts that support un-pleaded legal theories. *See, e.g., Discovery Operating, Inc. v. BP Am. Prod. Co.*, 311 S.W.3d 140, 161–62 (Tex. App.—Eastland 2010, pet. denied); *Sw. Bell Tel. Co. v. Garza*, 58 S.W.3d 214, 225–26 (Tex. App.—Corpus Christi 2001), *aff'd in part and rev'd in part on other grounds*, 164 S.W.3d 607 (Tex. 2004). However, fair notice pleading does not require a plaintiff to allege specific facts but rather the elements of a cause of action, which allows for the development of facts through discovery. *See, e.g., Rodriguez v. Yenawine*, 556 S.W.2d 410, 414–15 (Tex. App.—Austin 1977, no writ). Similarly, fair notice pleading does not require a plaintiff "to identify the specific content of the alleged misrepresentation and the specific policy term it violated in order to state an insurance code claim against an insurance adjuster in state court." *Ramos v. Allstate Texas Lloyds*, No. 7:13-CV-57, 2013 WL 1561112, at *4 (S.D. Tex. Apr. 10, 2013).

      **C.**    **Under Texas Law, an Insurance Adjuster Like Klink Can Be Held Liable for Violations of the Texas Insurance Code and DTPA**

Under Texas law, a corporate agent is personally liable for his own tortious acts that he directs or participates in during his employment. *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002); *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984); *Walker v. Anderson*, 232 S.W.3d 899, 918 (Tex. App.—Dallas 2007, no pet.); *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 32 (Tex. App.—San Antonio 2003, pet. denied); *Kingston v. Helm*, 82 S.W.3d 755, 758–59 (Tex. App.—Corpus Christi 2002, pet. denied). A corporate agent is liable for his own torts even where his corporation is also liable for the same actions. *See Shapolsky v. Brewton*, 56 S.W.3d 120, 133 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). A corporate agent cannot escape liability where he directly participated in the wrongdoing. *Ennis v. Loiseau*, 164 S.W.3d 698, 707 (Tex. App.—Austin 2005, no pet.); *see also Land v. Wal-Mart Stores of Texas*, No. SA-

14-CV-009-XR, 2014 WL 585408, at *3 (W.D. Tex. Feb. 13, 2014).

Additionally, under the Texas Insurance Code, a "person" subject to liability is defined in part as any "individual . . . engaged in the business of insurance," which specifically includes any adjuster. Tex. Ins. Code § 541.002(2); *see also id.* § 541.151(1) (permitting private action against any person engaged in unfair or deceptive act or practice in the business of insurance). Accordingly, the Texas Supreme Court has long held that an insurer's employee "engaged in the business of insurance" is a "person" that may be held individually liable for violations of the Texas Insurance Code. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (Tex. 1998). Additionally, the Texas Supreme Court long ago recognized that "[t]he business of insurance includes the investigation and adjustment of claims and losses." *Vail v. Texas Farm Bur. Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988).

Based on Texas law, the Fifth Circuit has also held that a claims adjuster responsible for the servicing of insurance policies is engaged in the business of insurance and subject to the Texas Insurance Code. *Gasch v. Hartford Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Similarly, numerous decisions within this circuit have held that independent adjusters are subject to liability under the Texas Insurance Code. *See, e.g., Rocha v. Geovera Specialty Ins. Co.*, No. 7:13–CV–589, 2014 WL 68648, at *2–4 (S.D. Tex. Jan. 8, 2014); *Lindsey–Duggan, LLC v. Philadelphia Ins. Cos.*, No. SA–08–CA–736–FB, 2008 WL 5686084, at *2–3 (W.D. Tex. Dec. 15, 2008); *First Baptist Church v. GuideOne Mut. Ins. Co.*, No. 1:07–CV–988, 2008 WL 4533729, *5 & n. 8 (E.D. Tex. Sept. 29, 2008); *McNeel v. Kemper Cas. Ins. Co.*, No. 3:04–CV–0734, 2004 WL 1635757, at *2–3 (N.D. Tex. July 21, 2004). Furthermore, the Texas Insurance Code and DTPA "each grant relief for unfair or deceptive acts or practices in the business of insurance." *Vail*, 754 S.W.2d at 132; *see also* Tex. Bus. & Com. Code § 17.50(a)(4); Tex. Ins. Code § 541.151(2). An insured also

has standing as a consumer to base DTPA claims on acts committed during the investigation of a claim made under an insurance policy. *See Allstate Ins. Co. v. Kelly*, 680 S.W.2d 595, 603 (Tex. App.—Tyler 1984, writ ref'd n.r.e.). Thus, an insurance adjuster like Klink can be held liable for violating the Texas Insurance Code and DTPA.

> D. **Bonita's Original Petition Provides Fair Notice of State Law Claims on which It May Possibly Recover Against Klink**

The allegations in the Original Petition pertinent to the claims against Klink are as follows. Bonita owns the property located at 5535 Old Hwy. 90 West, San Antonio, Texas 78227, which is insured under a Texas property insurance policy issued by Endurance. (*See* Exhibit A, at 3). In or about June 2014, Bonita experienced a storm that damaged its property. (*Id.*) Bonita timely submitted a claim to Endurance, and Endurance assigned Klink to adjust the claim. (*Id.*) Klink was not diligent and failed to timely and accurately investigate the covered loss, but he ultimately inspected the property. (*Id.* at 3–4). During the inspection, Klink was tasked with the responsibility of conducting a thorough and reasonable investigation of the claim, including determining the cause of and then quantifying the damage done to the property. (*Id.* at 4). However, Klink prepared a repair estimate that vastly underscoped the actual covered damages to the property. (*Id.*) All of the covered damage was not accounted for and even the accounted for damages were underscoped. (*Id.*) Based on Klink's estimate, Endurance determined that only $16,556.24 was due on the claim, which demonstrated that Endurance and Klink did not conduct a thorough investigation of the claim. (*Id.*).

The petition further alleges that Klink failed to fairly evaluate and adjust Bonita's claim as he was obligated to do under the policy and Texas law. (*Id.*) In failing to properly investigate the claim and wrongfully denying full coverage, Klink engaged in unfair settlement practices by misrepresenting material facts to Bonita. (*Id.*) In part, Klink's repair estimate misrepresented the

benefits under the policy, which promised to pay the full amount of loss, in violation of Section 541.051(1)(B) of the Texas Insurance Code. (*Id.* at 5). Similarly, Klink misrepresented to Bonita that the damage to its property was not covered under the policy, even though the damage was caused by a covered peril, in violation of Section 541.060(a)(1) of the Texas Insurance Code. (*Id.*) Klink also failed to make an attempt to settle Bonita's claim in a fair manner, although he was aware of the liability to Bonita under the policy, in violation of Section 541.060(a)(2)(A) of the Texas Insurance Code. (*Id.*) Klink further failed to explain to Bonita why full payment was not being made, did not communicate that future payments would be forthcoming to pay for the entire losses covered under the policy, and did not provide any explanation for the failure to adequately settle Bonita's claim, in violation of Section 541.060(a)(3) of the Texas Insurance Code. (*Id.*) Additionally, Klink failed to affirm or deny coverage of Bonita's claim within a reasonable time, and did not provide a timely written indication of acceptance or rejection regarding the full and entire claim, in violation of Section 541.060(a)(4) of the Texas Insurance Code. (*Id.*) Moreover, Klink refused to fully compensate Bonita under the terms of the policy, failed to conduct a reasonable investigation, and performed an outcome-oriented investigation of Bonita's claim, which resulted in a biased, unfair, and inequitable evaluation of Bonita's losses to its property, in violation of Section 541.060(a)(7) of the Texas Insurance Code. (*Id.* at 6).

Based on these alleged facts, Bonita asserts causes of action against Klink for violations of the Texas Insurance Code and the DTPA. Specifically, Klink engaged in unfair and deceptive acts or practices in the business of insurance, including the above described acts and unreasonable delay in the investigation, adjustment, and resolution of Bonita's claim; misrepresenting to Bonita pertinent facts or policy provisions relating to the coverage at issue; not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has

become reasonably clear; and failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement. (*Id.* at 10–11). Furthermore, Klink represented to Bonita that the insurance policy and his adjusting and investigative services had characteristics or benefits they did not have; were of a particular standard, quality, or grade when they were of another; and conferred or involved rights, remedies, or obligations they did not have; in violation of Sections 17.46(b)(5), (b)(7), and (b)(12) of the DTPA, respectively. (*Id.* at 9–10). Klink's actions were also unconscionable and unfair practices in the business of insurance, in violation of Sections 17.50(a)(4) and (a)(4) of the DTPA, respectively. (*Id.* at 10).

The foregoing allegations are sufficient to satisfy the fair notice pleading standard in Texas because they allege enough for any reasonably competent attorney to ascertain the nature and basic issues of Bonita's causes of action against Klink. (*See* Part II.B above). Construed in Bonita's favor, the alleged acts of Klink show that he was an adjuster engaged in the business of insurance when he investigated Bonita's property insurance claim, and in the course of that investigation, he committed numerous and specific violations of the Texas Insurance Code and DTPA. Because the allegations as a whole give fair notice, the legal conclusions in the petition can maintain valid claims. *See* Tex. R. Civ. P. 45(b); *Esteban*, 23 F. Supp. 3d at 732. Bonita did not need to allege more because its intent to hold Klink liable under these Texas statutes is clear, and any fact or element not specifically alleged can be reasonably inferred from what is stated.

In comparison, courts in this circuit applying the Texas fair notice pleading standard have found that similar combinations of specific factual allegations against the insurance adjuster and general legal allegations against all the defendants provide a reasonable basis for predicting recovery against the individual adjuster. *See, e.g.*, *Presley v. America First Ins. Co.*, No. H–10–

4429, 2011 WL 486231, at *2–3 (S.D Tex. Feb. 7, 2011); *see also Yeldell*, 2012 WL 5451822, at *3–4; *Ample Bus. Invs., L.P. v. Am. States Ins. Co.*, No. H–10–0802, 2010 WL 1737114, at *3–4 (S.D. Tex. Apr. 28, 2010). At the very least, Bonita's petition sufficiently states a cause of action against Klink based on allegations to show that he acted as an insurance adjuster, prepared an estimate that vastly underscoped the actual covered damages, and in combination with Endurance committed various violations of the Texas Insurance Code, including but not limited to failing to conduct a reasonable investigation; denying at least a portion of the claim without an adequate investigation; and misrepresenting that the damage to the property was not covered under the policy, even though it was caused by a covered occurrence. *Cf. Ramos*, 2013 WL 1561112, at *4; *Espinoza v. Companion Commercial Ins. Co.*, No. 7:12–CV–494, 2013 WL 245032, at *2–4 (S.D. Tex. Jan. 22, 2013). Notably, this district recently determined that similar allegations against a non-diverse defendant adjuster were sufficient to give fair notice of a plaintiff's claim under the Texas Insurance Code. *See, e.g.*, Order in *Munoz v. Allstate Indem. Co.*, No. W-15-CV-072 (W.D. Tex. filed Apr. 10, 2015) (attached as Exhibit B); Order in *Lamorte v. Great Lakes Reinsurance (UK) PLC*, No. W-14-CV-477, at 5–6 (W.D. Tex. filed Feb. 3, 2015) (attached as Exhibit C).

There is more than a reasonable basis for the Court to predict that Bonita might possibly prevail against Klink and hold him individually liable on causes of action long recognized under Texas law. (*See* Part II.C above). Whether or not Bonita can ultimately prevail against Klink is not at issue for purposes of a remand. *See Gasch*, 491 F.3d at 282–83. Defendants' Notice of Removal provides no explanation, no evidence, and no authority to conclusively show that Bonita cannot possibly recover against Klink under all of its causes of action. Thus, Defendants have failed to meet their burden to prove improper joinder. (*See* Part II.A above). Therefore, the Court lacks subject matter jurisdiction and must remand this case.

## III.    CONCLUSION

For the reasons above, Bonita respectfully requests that the Court grant this motion and remand this case to the 408th Judicial District of Bexar County, Texas because of the lack of subject matter jurisdiction and lack of proof of improper joinder.

Respectfully submitted,

**ALLAN, NAVA, GLANDER & HOLLAND, PLLC**
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
Telephone:  (210)  305-4220
Telecopier:  (210)  305-4219
serveone@anglawfirm.com
wholland@anglawfirm.com

By: _____
WILLIAM N. ALLAN, IV
State Bar No. 24012204
WES HOLLAND
State Bar No. 24007379
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Rule CV-7, counsel for Plaintiff and Defendants have conferred in a good-faith attempt to resolve this matter by agreement.  Defendants' counsel indicated that Defendants oppose this motion and the relief requested in this motion.  Therefore, this motion is filed as opposed.

_____
WILLIAM N. ALLAN, IV

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on October 5, 2015, the foregoing was electronically filed with the Clerk of Court and served on Defendants' counsel of record listed below using the CM/ECF system, which will send notification of such filing to the following:

Jessica Marcoux Hall
Camille Johnson
SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY
The Overlook at Gaines Ranch
4330 Gaines Ranch Loop, Suite 150
Austin, Texas 78735
Phone: (512) 347-1604
Fax: (512) 347-1676
jessica@ssjmlaw.com
camille@ssjmlaw.com

_____
WILLIAM N. ALLAN, IV

Files:Active:42000.0036 - Bonita Inn v Endurance American Specialty Insurance Company:Motions:Plantiff:Motion to Remand.docx